UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA DEATRICK,

       Petitioner,                                  Case No. 2:06-CV-302

v.                                                  Hon. Gordon J. Quist

JERI-ANN SHERRY,

       Respondent.
                                 /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the Report and Recommendation dated June 2, 2009. In his Report, the Magistrate Judge recommended that Petitioner's habeas petition be denied. Petitioner filed a timely objection. After conducting a *de novo* review, the Court concludes that the Report and Recommendation should be adopted and the petition dismissed.

In his objection, Petitioner argues that Michigan's indeterminate sentencing system violates Petitioner's Sixth Amendment rights as interpreted in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), *Booker v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007). Specifically, Petitioner contends: (1) Michigan's sentencing guidelines are mandatory; (2) the sentencing court is instructed to select a minimum sentence within the calculated range; (3) Michigan sentencing judges are considering up to twenty statutory variables, and many of the factors are not found by a jury or admitted by the defendant, *see* M.C.L. §§ 777.31-777.49a; and (4) the factors are used to increase the minimum sentence beyond the maximum sentence authorized by *Booker*.

Petitioner's argument is flawed. *Blakely*, *Booker*, and *Cunningham* all focused on statutory maximums, holding that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04, 124 S. Ct. at 2537 (emphasis in original); *see also Cunningham*, 549 U.S. at 288-89, 127 S. Ct. at 868 ("Except for a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (citations and quotations omitted); *Booker*, 543 U.S. at 232, 125 S. Ct. at 749 (the statutory maximum "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (emphasis in original; citations and quotations omitted).

Here, Petitioner never argues that the sentencing judge increased his sentence above the sentence range authorized by his guilty plea and admissions. Indeed, Petitioner argues that the sentencing judge used the statutory factors to determine Petitioner's minimum sentence *within* the proscribed range. (Pet.'s Br. at 17, ¶ 8.) Nothing in *Blakely*, *Booker*, or *Cunningham* prohibits judicial discretion in setting a minimum sentence within the sentencing range authorized by the jury's verdict or defendant's admissions. *See Cunningham*, 549 U.S. at 281, 127 S. Ct. at 863-64; *see also Booker*, 543 U.S. at 231-32, 125 S. Ct. at 748-49; *Blakely*, 542 U.S. at 304, 124 S. Ct. at 2537. Therefore, the sentencing judge did not violate Petitioner's Sixth Amendment rights by considering the statutory factors in setting Petitioner's minimum sentence.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*,

263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 2, 2009 (Docket #27) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (Docket #28) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: November 2, 2009                              /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE